IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| WHEELZ UP, LLC, et al. | : |
|  | : |
| v. | : Civil Action No. DKC 24-212 |
|  | : |
| ADRIANNE HAROLD CORDERO, et al. | : |
|  | : |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Wheelz Up, LLC and Wheelz Up Garage, Inc. (collectively, "Plaintiffs") commenced this action on January 22, 2024, (ECF No. 1), and filed an Amended Complaint on May 15, 2024, (ECF No. 24). Defendant John Avenido, who is represented by counsel, moved to dismiss Plaintiffs' Amended Complaint on May 29, 2024. (ECF No. 29). Plaintiffs have not otherwise requested the Clerk to issue summonses for service of their Amended Complaint for either Defendant Adrianne Harold Cordero ("Mr. Cordero") or Defendant AD Performance, LLC.

Plaintiffs filed a motion on May 31, 2024 to allow alternative service on Mr. Cordero and to provide additional time to effectuate service, supported by an affidavit. (ECF Nos. 32; 33). According to their papers, Plaintiffs engaged Capitol Process Services, Inc. ("Capitol Process") to effectuate service on Mr. Cordero. (*Id.*). Based on Plaintiffs' belief that Mr. Cordero was staying with family members in California, Capitol Process first attempted

service on Mr. Cordero at an address on Normandale Drive in Lake Forest, California. (ECF No. 33, at 1-2). The tenant there advised that she had lived there for four years and did not know Mr. Cordero. (*Id.* at 2). Capitol Process then attempted service on a second address on Canyon Park Drive, Diamond Bar, California. (*Id.*). After seven attempts to effect service at the Diamond Bar address, Capitol Process learned from a neighbor that no one had lived at this address for approximately six months. (*Id.*). Plaintiffs' counsel then concluded that Mr. Cordero lived on Lindell Road in Las Vegas, and Capitol Process attempted service there. (*Id.* at 2-3). The occupant of the Lindell Road address, however, stated that he had lived there for the past year and did not know Mr. Cordero. (*Id.* at 3). After two attempts to serve Mr. Cordero by certified mail, restricted delivery to the Lindell Road address failed, Capitol Process attempted in-person service on the Lindell Road address three times. (*Id.* at 3-4). Plaintiffs have not stated why they believe this is Mr. Cordero's "last known address."

From May 13 through May 18, 2024, Capitol Process attempted to serve Mr. Cordero at the business address for AD Performance, LLC on Upper Rock Circle in Rockville, Maryland. (*Id.*). On May 18, 2024, Capitol Process confirmed with the leasing office that Mr. Cordero moved approximately a year prior. (*Id.* at 4).

Based on the attempts made by Capitol Process, Plaintiffs believe that good faith efforts have been made to serve Mr. Cordero, but he is evading service. (ECF No. 32, at 3). Plaintiffs request permission to mail service papers to Mr. Cordero at the Lindell Road address in Las Vegas and to post service papers on the door. (*Id.* at 4). Alternatively, Plaintiffs request permission to serve Mr. Cordero by publication or other means. (*Id.*). Plaintiffs also request an extension of time within which to serve Mr. Cordero. (*Id.* at 4-5).

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Maryland Rule 2-121(c), in turn, provides that when presented with an affidavit stating that good faith efforts to serve an individual defendant in accordance with Maryland Rule 2-121(a) have failed and service under Maryland Rule 2-121(b) is impracticable based on proof that the defendant "has acted to evade service," "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rules 2-121; *see also Lohman v. Lohman*, 331 Md. 113, 132 n.9 (1993) (noting that alternative service may be appropriate only where the defendant has affirmatively acted to evade service) (citing Paul

V. Niemeyer & Linda M. Schuett, *Maryland Rules Commentary* 96 (2d ed. 1992); *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, No. 23-cv-1134-DKC, 2023 WL 5671616, at *4-5 (D.Md. Sept. 1, 2023) (granting alternative service when defendant agreed to accept service before refusing further communications with the process server); *cf. Scott v. Lori*, No. 19-cv-2014-ELH, 2020 WL 4547960, at *3 (D.Md. Aug. 6, 2020) (denying alternative service where plaintiff failed to establish that defendants took affirmative steps to evade service). Mere inability to serve is insufficient.

Moreover, to pass constitutional muster, permissible alternative service must provide notice "which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920 (4th Cir. 1996) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *Timilon Corp.*, 2023 WL 5671616, at *3. Maryland Rule 2-121(c)—as the law of the state in which this court sits—"may be resorted to, subject only to the constitutional requirement[] . . . that the means used by the plaintiff be reasonably calculated to give the defendant notice of the proceedings and an opportunity to be heard." *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. 12-cv-148-PWG, 2013 WL 12423808, at *1 (D.Md. Feb. 15, 2013) (quoting *Life Ins. Co. of N. Am. v. Batson,* No. 03-cv-2126-DKC, 2004 WL

540434, at *1 (D.Md. Mar. 16, 2004)); *see also* 4B Charles A. Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1115 (2002).

In *Timilon*, pursuant to Maryland Rules 2-121(b) and 2-121(c), the court granted alternative service when the plaintiff provided affidavits that "evince[d] evasion of service" and demonstrated that, based on several unsuccessful attempts of service to the defendants' last known address, "nail and mail service" was unlikely to be reasonably calculated to give notice.  2023 WL 5671616, at *3.  Instead, the court permitted service on the defendants by serving an attorney that was "sufficiently intertwined" with the case. *Id.* at *4.

Here, although the affidavit in support of the motion details numerous attempts to effect service on Mr. Cordero at various addresses, Plaintiffs have not demonstrated either that he is "act[ing] to evade" service or how "nail and mail" service at the Lindell Road address or service via publication will result in actual notice.  Md. Rules 2-121(b).  They have not detailed the extent or nature of searches to locate his whereabouts or substantiated that he is aware of their efforts and acted to evade them.  Moreover, the court cannot permit alternative service that does not appear likely to result in actual notice.

On the other hand, Plaintiffs have made sufficient efforts at service and they will be provided an additional 60 days from the date this Order to effectuate service on Mr. Cordero.

Accordingly, it is this 7th day of June, 2024, by the United States District Court for the District of Maryland, ORDERED that:

1.   The motion for alternative service (ECF No. 32) BE, and the same hereby IS, DENIED as to the request for alternative service and GRANTED as to the request to extend time for service;

2.   Plaintiffs ARE DIRECTED to present a summons for Defendant Adrianne Harold Cordero to the Clerk for signature and seal;

3.   Upon receipt of the proposed summons, the Clerk IS DIRECTED to issue the summons and transmit the signed summons to Plaintiffs for service on Defendant Adrianne Harold Cordero pursuant to Fed.R.Civ.P. 4;

4.   The time within which Plaintiffs must serve Defendant Adrianne Harold Cordero with the summons and a copy of the Amended Complaint under Fed.R.Civ.P. 4(m) and Local Rule 103.8(a) IS EXTENDED to August 6, 2024; and

5.   The Clerk is DIRECTED to transmit a copy of this Order to counsel of record.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
