```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

WHEELZ UP, LLC, et al.          :

                             :

   v.                         :   Civil Action No. DKC 24-212

                             :

ADRIANNE HAROLD CORDERO, et al. :

                             :

**MEMORANDUM OPINION**

Plaintiffs filed a motion on July 18, 2024, seeking to extend the time for service on Adrianne Harold Cordero ("Mr. Cordero"), propound limited discovery on Defendant John Avenido ("Mr. Avenido") or, alternatively, to allow for alternative service on Mr. Cordero.  (ECF No. 51).  Mr. Avenido filed a response opposing limited discovery but taking no position on Plaintiffs' requests for alternative service and additional time to serve (ECF No. 52). Plaintiffs filed a reply on August 15, 2024.  (ECF No. 53).  For the following reasons, Plaintiffs' request for limited discovery will be denied, alternative service will be granted, and Plaintiffs will be provided additional time to serve Mr. Cordero.

**I.   Background**

Plaintiffs filed this action on January 22, 2024, against Mr. Cordero, Mr. Avenido, and AD Performance, LLC (ECF No. 1).  They filed an Amended Complaint on May 15, 2024.  (ECF No. 24).  Mr. Avenido moved to dismiss the Amended Complaint.  That motion is fully briefed and a decision will be issued in due course.  The

Clerk entered default as to AD Performance, LLC on July 10, 2024, for its failure to plead or otherwise defend timely after proper service. (ECF Nos. 49, 50).

Plaintiffs detail that they attempted to find Mr. Cordero without success and subsequently hired private investigators and process servers in an effort to find and effectuate service on him. Plaintiffs moved to extend the time to serve Mr. Cordero and for alternative service and on May 31, 2024. (ECF No. 32). On June 7, 2024, the court issued a Memorandum and Order granting an extension to serve Mr. Cordero until August 6, 2024, but denying alternative service at that time. (ECF No. 38). A more detailed recitation of Plaintiffs' service attempts through approximately May 2024 is set forth in the court's Memorandum and Order dated June 7, 2024.

Since the court's denial of Plaintiffs' first motion for alternative service, Plaintiffs have attempted to effectuate service unsuccessfully nine more times, including "staking out" his last known address. Through the declaration of Rebecca Short, Plaintiffs explain that Capitol Process Services, Inc. ran "several reports, including sophisticated Accurint reports that are generated from public records and databases and pull current addresses and other identifying information." (ECF No. 51-1, at 1-2. Plaintiffs also filed a Declaration by Frederick Lopez, Plaintiffs' Chief Executive Officer, attesting that he and Mr.

2

Cordero spoke about this case on February 15, 2024. (ECF No. 51-2, p.2).

Contending that their "diligent" attempts to effect service constitute good cause, Plaintiffs request (1) limited discovery propounded to Mr. Avenido relating to his purported knowledge of Mr. Cordero's whereabouts and communications between he and Mr. Cordero after Mr. Cordero left Plaintiffs' employ, (2) an extension of time to effect service on Mr. Cordero, and (3) permission to serve Mr. Cordero with the Summons and Amended Complaint by mailing them to his most recent known address in Las Vegas, emailing them to his last known email address, and by leaving them at the last known addresses for both Mr. Cordero and his mother.

I. **Analysis**

   A. **Limited discovery**

Plaintiffs assert that Mr. Cordero and Mr. Avenido have a close relationship. Because of this relationship, Plaintiffs request permission to conduct limited discovery including propounding document requests and interrogatories to Mr. Avenido and a deposition of Mr. Avenido regarding Mr. Cordero's whereabouts. (ECF No. 51). Plaintiffs also request discovery regarding communications between Mr. Avenido and Mr. Cordero after Mr. Cordero left Plaintiffs' employ.

Mr. Avenido opposes Plaintiffs' request for limited discovery citing Fed. R. Civ. P. 26(d)(1) that states "A party may not seek

discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Mr. Avenido also contends that discovery propounded to him should not commence prior to the court's adjudication of his motion to dismiss and that discovery related to service of process generally involves third-party discovery to learn the identity of a Doe defendant. Mr. Avenido notes that Plaintiffs' discovery requests involve matters "enmeshed with the merits of the case" including his communications with Mr. Cordero after he no longer worked at Wheelz Up and "conduct that are core to the allegations in the Amended Complaint." In the alternative, Mr. Avenido offered a compromise stating that if the court is inclined to grant Plaintiffs limited discovery, that it be limited to five interrogatory questions related solely to Mr. Cordero's whereabouts.

Plaintiffs filed a reply on August 15, 2024, reasserting their request for limited discovery as to Mr. Avenido and stating that five interrogatories "would be plainly insufficient." (ECF No. 53).

Plaintiffs' request for limited discovery will be denied. It is premature to conduct discovery in this case, even limited discovery, because Mr. Avenido has not answered Plaintiffs' Amended Complaint. Instead, he filed a motion to dismiss which is

4

fully briefed but not yet adjudicated.  If that motion is denied, Mr. Avenido will have an opportunity to answer.  A scheduling order is not entered until a case is at issue on the merits.  *See* Local Rule 104.4 (D. Md. 2023).

### B. Request for Alternate Service

Rule 4(e)(1) provides, in pertinent part, that an individual defendant may be served pursuant to "state law . . . in the state where the district court is located."  Under Maryland law, service can be effected

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery."

Md. Rules 2-121(a).  Maryland Rule 2-121(b) applies when defendants are evading service, and provides that:

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.

Md. Rules 2-121(b). Maryland Rule 2-121(c), in turn, provides that:

> When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.

Md. Rules 2-121(c). To pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920-21 (4th Cir. 1996). "When available, the combination of the two service options of mailing to the last known address and posting service on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service." *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. PWG-12-148, 2013 WL 12423808, at *2 (D.Md. Feb. 15, 2013).

Plaintiffs have provided an affidavit showing 27 unsuccessful service attempts on Mr. Cordero, and the reasons that the addresses were connected to him. (ECF No. 51-1). This, coupled with the fact that he discussed this case with Mr. Lopez, shows that service

6

under Md. Rule 2-121(a) has failed and "defendant has acted to evade service" under Md. Rule 2-121(b). Plaintiffs' proposal to effect "nail and mail" service to Mr. Cordero's last known Las Vegas likely will provide notice "reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane*, 339 U.S. at 314. Pursuant to Ms. Rule 2-121(c) "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Accordingly, service will also be authorized on Mr. Cordero by emailing him a copy of the Summons and Amended Complaint and by mailing and leaving a copy of the Summons and Amended Complaint at his mother's last known address.

    **C.    Request to Extend Time to Effect Service**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Plaintiffs have established good cause to extend the deadline to serve Mr. Cordero because they have been diligent in attempting to effect service. Plaintiffs offer a sworn affidavit from Rebecca Short detailing the 27 attempts to effect

7

service on Mr. Cordero, and filed both motions to extend time to serve before the deadline. Because good cause exists, this court must extend time to serve summons on Mr. Cordero. Accordingly, the extension of time to serve summons will be granted.

## II. Conclusion

Plaintiffs have attempted diligently to serve Mr. Cordero 27 times at addresses in Maryland, Las Vegas, and California. He is the sole member of AD Performance, LLC and service was effected properly on it on June 14, 2024. Additionally, Mr. Cordero spoke on the telephone on February 15, 2024, with Plaintiffs' Chief Executive Officer about the allegations herein – after this case was instituted. Thus, Mr. Cordero has actual notice of this litigation and has been evading service.

In the event, however, that he is unaware of this action, the court concludes that effectuating service by posting on the door and mailing the Summons and Amended Complaint to the last known addresses for both Mr. Cordero and his mother, and by emailing the Summons and Amended Complaint to his last known email address together, are reasonably calculated to provide him with notice of this case and give him a reasonable opportunity to respond. A separate order follows.

                                                      /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge